{¶ 64} I respectfully dissent from the majority decision to sustain appellant's first assignment of error. I do not find the trial court abused its discretion in not considering appellee's future social security benefits in making its property division. Although the trial court is clearly permitted to consider future social security benefits under Neville, and although the case sub judice provides a good example of when to do so may be equitable, I do not find an abuse of discretion as that term has come to be defined.
 {¶ 65} As to appellant's second assignment of error, I agree with the majority the trial court did not provide appellant ample time to object to appellee's proposed judgment entry and therefore I concur in the decision to sustain that assignment of error.
 {¶ 66} As to appellee's cross-appeal, I disagree with the majority's decision to sustain, in part, the first cross-assignment of error. I believe there was sufficient evidence to enable the trial court to make a determination of value of the marital residence.
 {¶ 67} I concur in the majority's analysis and disposition of appellee's cross-assignment of error II.
 {¶ 68} Finally, I concur in the majority's disposition of appellee's third cross-assignment of error. Although both parties claim their past communication problems seem to have been resolved, these past problems can be considered and support the trial court's finding the parties do not have the ability to operate under a shared parenting plan. See, August 31, 2004 Magistrate Decision at p. 2, adopted by the trial court.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed in part, reversed in part and remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between the parties.